**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000236**
**06-JUN-2011**
**08:45 AM**

NO. CAAP-10-0000236

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STELLA SILVA, Plaintiff-Appellee, v.
JAMES K. SILVA, JR. and PAULA SILVA, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. RC-09-1-0824)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Defendants-Appellants James K. Silva, Jr. and Paula Silva (Appellants) have asserted from the Honorable Calvin K. Murashige's November 16, 2010 judgment awarding attorneys' fees and costs to Plaintiff-Appellee Stella Silva (Appellee), because the district court has not yet entered a written order or written judgment that resolves Appellee's remaining claim for breach-of-lease money damages, and, absent an appealable final order or final judgment on that

remaining claim, the November 16, 2010 judgment awarding attorneys' fees and costs is not eligible for appellate review.

Appellants are appealing pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. . . . <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, <u>an order that fully disposes of an action in the district court may be final and appealable</u> without the entry of judgment on a separate document, <u>as long as the appealed order ends the litigation</u> by fully deciding the rights and liabilities of all parties <u>and leaves nothing further to be adjudicated</u>.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added). In cases such as the instant case where there is no requirement for a separate judgment, and

> where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, it is a necessary inference from 54(b) that the orders collectively constitute a final judgment and entry of the last of the series of orders gives finality and appealability to all.

<u>S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club</u>, 75 Haw. 480, 494-95, 866 P.2d 951, 960 (1994) (citations, internal quotation marks, and ellipsis points omitted).

The district court has not resolved all of the substantive claims in this case. The district court resolved Appellee's claim for summary possession by entering a January 28, 2010 judgment for possession, but the district court has not entered any written order or written judgment resolving Appellee's claim for breach-of-lease money damages. Although the district court entered a November 16, 2010 judgment awarding attorneys' fees and costs, the November 16, 2010 judgment does not adjudicate Appellee's claim for breach-of-lease money damages. An award of attorneys' fees "is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). "Absent entry of an appealable final judgment on the claims [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." Fujimoto v. Au, 95 Hawai'i at 123, 19 P.3d at 706; CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i 301, 306, 22 P.3d 97, 102 (App. 2001) ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not appealable, and we do not have appellate jurisdiction to review them.").

In the instant case, Appellants' appeal is premature, because the district court has not yet entered a final order or final judgment on Appellee's remaining claim for breach-of-lease money damages. Absent an appealable final order or final judgment on Appellee's remaining claim, the November 16, 2010

judgment awarding attorneys' fees and costs is not yet eligible for appellate review.  Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-10-0000236 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 6, 2011.

Chief Judge

Associate Judge

Associate Judge